20-4193-cv
Warren v. Mariner Finance, LLC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of November, two thousand twenty-one.

PRESENT:
> JOSEPH F. BIANCO,
> MICHAEL H. PARK,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

---

Daniel T. Warren,

> *Plaintiff-Counter-Defendant-Appellant*,

v.                                                                      20-4193

Mariner Finance, LLC,

> *Defendant-Counter-Claimant-Appellee*.[*]

---

FOR PLAINTIFF-APPELLANT:  DANIEL T. WARREN, *pro se*, West Seneca, NY.

FOR DEFENDANT-COUNTER-CLAIMANT-APPELLEE:  CURTIS A. JOHNSON, Bond, Schoeneck & King, PLLC, Rochester, NY.

---

[*] The Clerk of Court is respectfully directed to amend the caption as set forth above.

Appeal from three orders of the United States District Court for the Western District of New York (Vilardo, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED**.

Daniel T. Warren, *pro se*, sued Mariner Finance, LLC ("Mariner"), TransUnion LLC ("TransUnion"), and Equifax Information Services, LLC ("Equifax") in New York state court in February 2016, asserting three claims: (1) usury under New York General Obligations Law §§ 5-501(1), 5-511, and New York Banking Law § 14-a(1); (2) certain violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*; and (3) deceptive business practices under New York General Business Law § 349. He claimed that Mariner engaged in deceptive practices when it mailed him a check whose cashing constituted agreement to a loan at an annual interest rate of 24.99%, a rate that Warren argued exceeded New York's legal rate of interest. He further claimed that Mariner, TransUnion, and Equifax violated the FCRA by failing to properly investigate Warren's claim that he was not liable for the loan, which appeared on his credit report.

TransUnion removed the action to federal court and Warren filed an amended complaint. Mariner moved to dismiss the amended complaint in April 2016 and Warren moved for partial summary judgment on the usury claim in June 2016. Warren settled with TransUnion in 2016 and Equifax in 2017. On August 10, 2020, Warren moved to amend his complaint to eliminate the FCRA claim and to remand the case to state court. Two days later, the district court granted Mariner's still-pending motion to dismiss. In its decision, the district court dismissed the usury claim with prejudice, but granted Warren leave to amend the FCRA and deceptive-practices claims. Warren later filed an amended complaint alleging only the deceptive-practices claim,

2

which the district court *sua sponte* remanded to state court. Warren timely appealed. We assume the parties' familiarity with the underlying facts and the procedural history of the case, which we reference only as necessary to explain our decision to affirm.

## I. Abandonment and Waiver of Claims

Although we "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (citation omitted), we "normally will not[] decide issues that a party fails to raise in his . . . appellate brief," *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998).

Here, Warren's brief challenges neither the district court's denial of his motion for partial summary judgment nor its dismissals of his FCRA and deceptive-practices claims and, accordingly, he has abandoned any appellate challenge concerning these rulings. *See id.* Further, Warren remarks in a conclusory fashion that the district court "erred when it denied [his] motion for reconsideration," but his brief does not develop an argument on this point. Appellant's Br. at 11. We therefore do not consider the district court's denial of reconsideration. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). Thus, only the court's dismissal of the usury claim and the propriety of the district court's subsequent remand of the deceptive-practices claim are at issue in this appeal.

## II. Dismissal of the Usury Claim

Warren argues that the district court lacked subject matter jurisdiction over the usury claim or, alternatively, erred by dismissing it on the merits. As discussed below, we disagree.

3

As a threshold matter, Warren contends that the district court lacked subject matter jurisdiction over the usury claim once it dismissed the FCRA claim. He is mistaken because in its order of dismissal on the usury claim, the court also granted Warren leave to amend the FCRA claim, and the claim therefore remained alive. *See Slayton v. Am. Express Co.*, 460 F.3d 215, 224 (2d Cir. 2006) ("A dismissal with leave to amend is a non-final order and not appealable."). The court thus properly retained subject matter jurisdiction over the state law claims. Moreover, even if the district court had dismissed the FCRA claim with prejudice, the court would not have automatically lost its jurisdiction over the state law claims (including the usury claim). *See* 28 U.S.C. § 1367(c) (providing that "[t]he district courts *may* decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction" (emphasis added)); *Cangemi v. United States*, 13 F.4th 115, 134–35 (2d Cir. 2021) (reviewing a district court's decision to exercise supplemental jurisdiction where federal claims were dismissed and only state claims remained for abuse of discretion).

Warren also asserts that the district court erred in exercising supplemental jurisdiction over the usury claim because that claim did not share a "common nucleus of operative fact" with the federal FCRA claim. *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006) (citation omitted). He argues that the usury claim concerned the validity of the loan agreement, whereas the FCRA claim stemmed from Mariner's conduct in reporting his performance under the agreement to the credit-reporting agencies and Mariner's failure to investigate Warren's claim that he was not liable for the loan.

"We review a district court's exercise of supplemental jurisdiction for abuse of discretion." *Salim Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 243 (2d Cir. 2011). Under

4

28 U.S.C. § 1367(a) and (c), federal courts with subject matter jurisdiction over at least one claim may exercise supplemental jurisdiction over state law claims which "derive from a common nucleus of operative fact." *Achtman*, 464 F.3d at 335 (citation omitted). This determination turns on "whether the facts underlying the federal and state claims substantially overlapped or the federal claim necessarily brought the facts underlying the state claim before the court." *Id.* (internal quotation marks, citation, and alterations omitted). Here, there was such substantial overlap: the reason Warren disputed the listing of this loan on his credit report was because he was allegedly not liable for it, and the reason his complaint states he was not liable for it is because it was allegedly usurious. The district court's exercise of supplemental jurisdiction over the usury claim was therefore not an abuse of discretion.[1]

Alternatively, Warren argues that even if the district court properly exercised supplemental jurisdiction over the usury claim, it erred in dismissing that claim on the merits. We find this alternative argument similarly unpersuasive.

We review *de novo* the dismissal of a complaint for failure to state a claim, *Libertarian Party of Erie Cnty. v. Cuomo*, 970 F.3d 106, 121 (2d Cir. 2020), "accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor," *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013).

---

[1] Warren also argues that "[t]he District Court erred in considering the Defendant-Appellee's motion to dismiss before deciding [Warren's] motion to amend and remand." Appellant's Br. at 9. The district court did not abuse its discretion by continuing to exercise supplemental jurisdiction over the state law claims despite Warren's motion because the operative complaint was still the first amended complaint, which contained the federal FCRA claim, and because, in its decision and order granting the motion to dismiss, the district court allowed Warren to confirm his intention to continue pursuing his motion to remand in light of the court's decision. Warren subsequently submitted a letter stating that he did not wish to pursue his motion to remand.

5

Section 5-501 of the New York General Obligations Law provides: "The rate of interest, as computed pursuant to this title, upon the loan or forbearance of any money, goods, or things in action, except as provided in subdivisions five and six of this section or as otherwise provided by law, shall be six per centum per annum unless a different rate is prescribed in section [14-a] of the banking law." N.Y. Gen. Oblig. Law § 5-501(1). Section 14-a of the New York Banking Law commands that "[t]he maximum rate of interest provided for in section 5-501 of the general obligations law shall be sixteen per centum per annum." N.Y. Banking Law § 14-a(1). Section 351 of the New York Banking Law provides that "[e]very licensee hereunder may loan any sum of money not exceeding the maximum principal amounts prescribed in section [340] of this article, and may charge, contract for, and receive thereon interest at the rate or rates agreed to by the licensee and the borrower." *Id.* § 351(1). Section 340 of the New York Banking Law then commands:

> No person or other entity shall engage in the business of making loans in the principal amount of [$25,000] or less for any loan to an individual for personal, family, household, or investment purposes . . . and charge, contract for, or receive a greater rate of interest than the lender would be permitted by law to charge if he were not a licensee hereunder except as authorized by this article and without first obtaining a license from the superintendent.

*Id.* § 340. Finally, Section 190.40 of the New York Penal Law deems it a felony for any lender to set an annual interest rate above 25%. N.Y. Penal Law § 190.40.

The district court held that, taken together, these statutes permitted licensed lenders like Mariner to extend loans of $25,000 or less at annual interest rates of up to 25%. Warren, however, argued to the district court (and maintains on appeal) both that New York Banking Law § 14-a was phrased in absolute terms and that New York Banking Law § 351(1) could not authorize or permit

6

any particular rate of interest because it would conflict with the criminal usury rate of 25% prohibited by New York Penal Law § 190.40. However, Warren overlooks that, in New York, "[w]hen the terms of related statutes are involved, . . . they must be analyzed in context and in a manner that harmonizes the related provisions and renders them compatible." *In re M.B.*, 6 N.Y.3d 437, 447 (2006) (internal quotation marks, citation, and alterations omitted); *see also Digit. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 879 (1994) (observing that, "when possible, courts should construe statutes . . . to foster harmony with other statutory and constitutional law"). Moreover, we, like the district court, have previously regarded this statutory scheme as authorizing licensed lenders like Mariner "to charge interest rates of up to 25%." *United States v. Moseley*, 980 F.3d 9, 15 n.4 (2d Cir. 2020). Accordingly, the district court properly dismissed the usury claim on the merits.[2]

## III. Leave to Amend

After dismissing all three claims, the district court granted Warren leave to amend the FCRA and deceptive-practices claims, but denied him leave to amend the usury claim. Warren contends that this was in error. As discussed below, we agree with the district court.

Ordinarily, a *pro se* litigant should be granted leave to amend a complaint at least once

---

[2] Warren also argues that the district court erred by dismissing additional claims listed under his first cause of action alleging that the loan was void and unenforceable because it was unconscionable and a violation of New York Civil Practice Law and Rules § 4544. Although Warren correctly asserts that the district court did not explicitly address these claims in its decision and order, they were properly dismissed: Warren fails to allege sufficient facts to state a claim for unconscionability under New York law, *see Gillman v. Chase Manhattan Bank*, 73 N.Y.2d 1, 10 (1988) ("A determination of unconscionability generally requires a showing that the contract was both procedurally and substantively unconscionable when made – i.e., some showing of an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." (internal quotation marks omitted)), and, further, New York Civil Practice Law and Rules § 4544 is an evidentiary rule that forbids introducing a contract with illegible or small print into evidence; it does not make such a contract void or unenforceable.

"when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (citation omitted). We review a denial of leave to amend for abuse of discretion. *Hutchison v. Deutsche Bank Sec., Inc.*, 647 F.3d 479, 490 (2d Cir. 2011). But "[w]hen the denial of leave to amend is based on a legal interpretation, such as a determination that amendment would be futile, a reviewing court conducts a *de novo* review." *Id.*

Here, Warren argues that the court should have permitted him to amend the usury claim. However, it is apparent that amendment would have been futile. In April 2016, Warren amended his complaint after Mariner moved to dismiss his initial complaint. In June 2016, Warren moved for partial summary judgment on the usury claim after Mariner moved to dismiss the amended complaint. Over four years later, Warren again moved to amend his complaint, but only to eliminate his FCRA claim; his proposed second amended complaint left the usury claim unchanged. Even after the district court dismissed the amended complaint, Warren did not seek leave to amend the usury claim in his motion for reconsideration; he argued only that the district court lacked subject matter jurisdiction over his state law claims. Under these circumstances, when Warren has already had ample opportunity to amend his pleadings, the district court did not abuse its discretion in dismissing the usury claim without permitting Warren a second opportunity to amend it. *See*, *e.g.*, *Yerdon v. Henry*, 91 F.3d 370, 378 (2d Cir. 1996) (no abuse of discretion in denying second opportunity to amend by making additional allegations where plaintiff neglected to add those allegations to her first amended complaint and where she failed to formally request leave to amend). In addition, as discussed above, the usury claim fails as a matter of law based upon the allegations in the amended complaint. *See Moseley*, 980 F.3d at 15 n.4. In other

8

words, the problem with Warren's usury claim is substantive, and "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). The district court therefore properly denied Warren leave to amend.

## IV. Remand to State Court[3]

Warren also challenges the district court's remand of his deceptive-practices claim. As discussed below, the district court properly remanded the deceptive-practices claim to state court after Warren chose not to amend his FCRA claim and the usury claim had already been dismissed.

The propriety of the district court's remand turns on whether it properly declined to exercise supplemental jurisdiction over Warren's deceptive-practices claim. "This Court reviews for abuse of discretion a district court's decision declining to exercise supplemental jurisdiction." *Spiegel v. Schulmann*, 604 F.3d 72, 78 (2d Cir. 2010).

Warren argues that the district court abused its discretion because, when it denied his motion for reconsideration, it upheld its exercise of supplemental jurisdiction over the usury and deceptive-practices claims contained in his first amended complaint, and, as a result, this exercise

---

[3] We have jurisdiction to review the remand order. Mariner argues that the remand order is not appealable under 28 U.S.C. § 1447(d), as that section provides—with limited exceptions not applicable here—that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). However, Mariner is mistaken. "[Section] 1447(d) must be read *in pari materia* with § 1447(c), thus limiting the remands barred from appellate review by § 1447(d) to those that are based on a ground specified in § 1447(c)." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 638 (2009). Moreover, Section 1447(c) provides, in pertinent part, that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). A district court's decision concerning whether to exercise supplemental jurisdiction over state law claims under 28 U.S.C. § 1367(a) and (c), after dismissing federal claims over which it had original jurisdiction, "is purely discretionary." *Carlsbad Tech, Inc.*, 556 U.S. at 639. Accordingly, "[w]hen a district court remands claims to a state court after declining to exercise supplemental jurisdiction, the remand order is not based on a lack of subject-matter jurisdiction for purposes of §§ 1447(c) and (d)," and such remand orders are appealable. *Id.* at 641.

9

became the "law of the case." Warren misunderstands the law-of-the-case doctrine. The doctrine "commands that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case." *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) (internal quotations and citation omitted). However, it applies only when "an issue was ripe for review" in the first instance and, even then, may be disregarded when "cogent and compelling reasons militate otherwise." *Id.* (citations omitted). Here, after the district court denied his motion for reconsideration, Warren filed his second amended complaint, which became the operative complaint. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (citation omitted)). That complaint, unlike Warren's first amended complaint (the dismissal of which the district court declined to reconsider), omitted his single federal claim (the FCRA claim) and alleged only a deceptive-practices claim under New York General Business Law § 349. Hence, at the time the district court denied Warren's motion for reconsideration, the question of whether it should exercise supplemental jurisdiction over a freestanding deceptive-practices claim under state law was not "ripe for review," and thus, when Warren later filed his second amended complaint, the law-of-the-case doctrine did not counsel against the court declining to exercise jurisdiction before remanding the case to state court. *Johnson*, 564 F.3d at 99 (citation omitted). Accordingly, the district court did not abuse its discretion when it declined to exercise supplemental jurisdiction over the sole deceptive-practices claim after the second amended complaint was filed and instead, remanded that claim to the same state court where Warren initially asserted it.

\*          \*          \*

10

We have considered Warren's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the orders of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11